

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Affirmed by _____

November 6, 1948

Hon. Wm. N. Hensley          Opinion No. V-711
Criminal District Attorney
Bexar County                 Re:  The authority of the County
San Antonio 5, Texas              Auditor to deduct employees'
                                  group insurance premiums
                                  from salaries upon the au-
                                  thorization by employees.

Dear Sir:

You have requested the opinion of this office "as re-
gards the function of the County Auditor under the provision of
Art. 5053a V.C.S. that 'the employees' contributions to the pre-
miums for such insurance issued to the employer or to an asso-
ciation of public employees as the policyholder may be deduct-
ed by the employer from the employees' salaries when author-
ized in writing by the respective employees so to do.' I should
like to know whether the collection or deduction aforesaid is the
proper function of the County Auditor, as regards County Em-
ployees' Group Insurance."

You have also advised that the County Auditor of Bexar
County performs his duties under the provisions of Article 1656a,
Revised Civil Statutes of Texas, and the other pertinent provisions
concerning "County Auditor" contained in Title 34, R.C.S. of Texas.

Under Opinion V-488 this office held that a county could
enter into a contract insuring the county employees or any class or
classes thereof for the type of group insurance covered by H. B.
665, 50th Legislature, and that the contribution of the employees to
the premium, which would be the entire premium, could be deduct-
ed by the county from the employees' salaries upon written author-
ization from the employees to the county.

Article 1656a, R.C.S. of Texas, provides for various duties
of the County Auditor in counties having a population of one hundred
ninety thousand (190,000) or more according to the last preceding
or any future Federal census. The County Auditor of Bexar County

is subject to its provisions. This statute provides, in part, as follows:

> ". . . All of the fees, commissions, funds, and moneys herein referred to shall be turned over to the County Treasurer by such officer as collected, and such money shall be deposited in the county depository in a special fund to the credit of such officer and draw interest for the benefit of the county, which funds, when so deposited in such depository, shall be secured by the bond of such depository. Thereafter <u>the officer may draw checks on the County Treasurer to disburse said funds in the payment of salaries and expenses authorized by law or in payment to the county or to the persons, firms, or corporations to whom said funds may belong. The Treasurer and the depository shall make no payment unless such check is countersigned by the County Auditor.. . ."</u> (Emphasis added)

In view of the foregoing provision, neither the collection nor the deduction of the contributions from the salaries of the county employees constitutes any function of the County Auditor of Bexar County. The collection and deduction should be performed by the proper county officer who issues the checks on the County Treasurer for the payment of the salaries of the employees included in the group insurance plan. The employees must have authorized the deductions of such contributions in writing. The County Auditor, of course, would necessarily have to countersign the checks of the county officer under the emphasized provisions of Article 1656a, supra.

## SUMMARY

In counties having a population of 190,000 or more according to the last preceding or any future Federal census, the collection and deduction of employees' contributions to the premiums for membership in county group insurance plan under the provisions of Article 5053a, V.C.S., is not the proper function of the County Auditor. The collection and deduction of such employees' contributions

should be made by the proper county officer charged with the issuance of the county employees' checks under the provisions of Art. 1656a, R.C.S. of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *C. K. Richards*

C. K. Richards
Assistant

CKR/JCP

APPROVED:

*Price Daniel*

ATTORNEY GENERAL